Filed 6/20/16  P. v. Lincoln CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. FRANK CROMWELL LINCOLN, Defendant and Appellant. | B266095 (Los Angeles County Super. Ct. No. TA134576) |

APPEAL from a judgment of the Superior Court of Los Angeles County, John T. Doyle, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

The People charged Frank Cromwell Lincoln with making a criminal threat (Pen. Code, § 422 subd. (a)) and battery with serious bodily injury (Pen. Code, § 243, subd. (d)). Lincoln pleaded not guilty.

Jury trial commenced on July 16, 2015. According to the evidence presented at trial, Lincoln and his landlord, Vilma Rubio, had been involved in a protracted dispute over his tenancy in her house. On occasion, the ongoing conflict became physical, leading to calls to the police by both Lincoln and Rubio.

On July 23, 2014, while Rubio was in Lincoln's room pursuant to an order by the Department of Building and Safety, Lincoln grabbed Rubio. He said, "Bitch, don't touch my door because I can kill you," and punched her. On August 4, 2014, Lincoln pushed a shopping cart full of trash into the house. When Rubio objected and removed the cart to the sidewalk, Lincoln became angry and punched Rubio in the face. Rubio fell and briefly lost consciousness. She was transported to the hospital and treated for injuries to her left eye, head and back. After an officer interviewed Rubio, Lincoln was arrested.

On August 7, 2014, Lincoln cursed and yelled at Rubio during an argument inside the house. Lincoln raised his fist as if to strike Rubio and lunged toward her when she was standing two feet away. Fearing Lincoln was about to hit her again, Rubio fled and telephoned the police. When officers arrived, Rubio initially denied she had been threatened by Lincoln because she was afraid. Later that night, Rubio and a tenant, who had witnessed the incident, walked to the police station and described what had occurred to the officers. The tenant told police that Lincoln had threatened to kill Rubio.

Lincoln testified in his defense. He claimed Rubio and the other tenant had attacked him and denied striking or threatening Rubio with harm.

The jury found Lincoln guilty as charged. The trial court denied Lincoln's motion to reduce his criminal threat conviction to a misdemeanor under Penal Code section 17, subdivision (b). The court then suspended imposition of sentence and placed Lincoln on three years of probation, on condition he serve 365 days in county jail. Lincoln filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Lincoln on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On March 17, 2016, we attempted to advise Lincoln by mail that he had 30 days in which to personally submit any contentions or issues he wished us to consider. On March 28, 2016, the notice was returned marked "Return To Sender. Attempted – Not Known. Unable To Forward."[1]

We have examined the record and are satisfied Lincoln's appellate attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.


ZELON, J.



We concur:



PERLUSS, P. J.



SEGAL, J.

---

[1] When appellate counsel was appointed, Lincoln was directed "to keep the court informed of his/her mailing address at all times. If you move, you MUST notify the clerk of this court immediately; otherwise you may not receive important notices concerning your appeal." Lincoln failed to provide any updated information concerning his address.